RICHARD K. GROSBOLL, Bar No. 99729
BENJAMIN K. LUNCH, Bar No. 246015
TANISHA M. SHAFER (ARATA), Bar No. 280588
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA  94104
Tel: (415) 677-9440
Fax: (415) 677-9445
Email: rgrosboll@neyhartlaw.com
       blunch@neyhartlaw.com
       tarata@neyhartlaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### (San Francisco Division)

| | |
|---|---|
| ELECTRICAL INDUSTRY SERVICE BUREAU, INC., a non-profit California Corporation, | Case No. 19-cv-00516 |
| Plaintiff, | COMPLAINT |
| v. | |
| ALL BEST BUILDERS, INC. (dba ALL TRUSTY BUILDERS, dba B&E ELECTRICAL), a California Corporation, | |
| Defendant. | |

Plaintiff alleges:

I.

JURISDICTION AND PARTIES

1. <u>Jurisdiction.</u>  This is an action to collect unpaid fringe benefit contributions owed to multi-employer benefit plans pursuant to a Collective Bargaining Agreement ("CBA").  It is also an action to enforce the terms of multi-employer benefit Trust Agreements, specifically the terms requiring an employer to make fringe benefit contributions to the Plaintiff.  Jurisdiction is

pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), 29 U.S.C. § 1145 and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(c).

2. <u>Venue.</u>  Venue is appropriate in this District as the plaintiff plans are administered in this District (San Francisco County), and the breach took place in this District.  *See* 29 U.S.C. § 1132(e)(2); 29 U.S.C. § 185(a).

3. <u>Parties.</u>  Plaintiff ELECTRICAL INDUSTRY SERVICE BUREAU, INC. ("EISB") is a Labor Management Cooperation Committee established under the Labor Management Cooperation Act of 1978 and a non-profit California corporation doing business in the City and County of San Francisco, State of California.  Plaintiff is the administrator and agent for the International Brotherhood of Electrical Workers Local 6 Trust Funds ("Trust Funds").  The Trust Funds are multi-employer employee benefit plans created pursuant to the Labor Management Relations Act, 1947, 29 U.S.C. § 141 et seq and are a jointly trusteed (management and union) employee benefit Trust Funds governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.  Employers make contributions to the Trust Funds pursuant to the requirements of their CBA with the International Brotherhood of Electrical Workers ("IBEW") Local 6, and other relevant agreements.  IBEW Local 6 is a San Francisco electrical workers union.  IBEW Local 6 is a separate legal entity from the Trust Funds.

4. Defendant, ALL BEST BUILDERS, INC. (California Corporate Number C2950507, doing business as ALL TRUSTY BUILDERS, Contractor's License Number 909984, and doing business as B&E ELECTRICAL, Contractor's License Number 958273) (collectively aka "ALL TRUSTY") is the employer of the workers who performed the covered work entitling the Trust Funds to fringe benefit contributions.  ALL BEST BUILDERS, INC. is responsible for paying the

Trust Funds fringe benefit contributions for itself and for ALL TRUSTY BUILDERS and B&E ELECTRICAL.

5. Defendant is engaged in the electrical wiring business in and around San Francisco, California and as such has been an employer engaged in an "industry or activity affecting commerce" within the meaning of 29 U.S.C. § 152 and 29 U.S.C. §§ 1002-1003.

## II.

## FACTS

6. Defendant is signatory to the CBA labeled the "Inside Wireman's Agreement" between the San Francisco Electrical Contractors Association and IBEW Local 6 and is therefore bound by all provisions contained in the CBA.

7. Any employer who agrees to be bound to the CBA also agrees to be bound to the applicable Trust Agreements.

8. The CBA's terms require Defendant to make timely monthly fringe benefit contributions to the Trust Funds for covered employees. The CBA's terms also require Defendant to submit timely monthly reports showing the amount it owes the Trust Funds for a given work month.

9. Under the CBA and Trust Agreements, an employer who fails to make fringe benefit contributions is liable to the Trust Funds for all unpaid fringe benefit contributions, liquidated damages on the unpaid principal, interest on the delinquent amount accrued, attorney's fees, and collection costs. If an employer makes untimely fringe benefit contributions, then the employer is also liable for liquidated damages for the untimely paid principal, interest on the delinquent amount accrued, attorney's fees, and collection costs. Under these agreements, the Trust Funds perform periodic audits of the signatory employers. If an audit reveals an employer committed an act of fraud, then the Trust Funds are entitled to audit fees and costs.

10. Defendant failed to make required fringe benefit contributions to the Trust Funds during the relevant period of the statute of limitations pursuant to the CBA and Trust Agreements. *See* 29 U.S.C. § 1145.

11. The Trust Funds' auditors completed a first audit on February 8, 2018 for the period covering January 1, 2013 through December 31, 2015.  The first audit revealed a shortage of $510,111.93.  The Trust Funds' auditors completed a second audit on May 10, 2018 for the period covering January 1, 2016 through January 15, 2018.  The second audit revealed a shortage of $480,101.99 in principal.  ALL TRUSTY agrees that it owes a portion of these amounts, but it has not paid any amounts due.

12. In July 2018, ALL TRUSTY had the opportunity to explain why the audit amount should be reduced, but it could not present sufficient reasons for a reduction.  Even after the Trust Funds gave ALL TRUSTY another opportunity to provide records, the Trust Funds' auditors still found there was insufficient basis for reduction.

13. The audit was based on underreported fringe benefit contributions due to various clerical errors and failing to report fringe benefit contributions for employees performing bargaining unit work.  The audit fees that Plaintiff incurred total at least $68,665.

14. Defendant also owes liquidated damages for the outstanding fringe benefit contributions, totaling $168,225.24, and as of May 2018, owes at least $16,622.07 in interest on the principal and $3,905 in attorney's fees.

15. Defendant further owes interest on the audit fees and owes additional interest on the outstanding fringe benefit contributions and liquidated damages after May 2018.

III.

FIRST CLAIM

(ERISA - 29 U.S.C. § 1145)

16. Plaintiff incorporates by reference and realleges the paragraphs above as if set out in full.

17. <u>Jurisdiction.</u>  This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the CBA and Trust Agreements.  Jurisdiction is pursuant to ERISA, 29 U.S.C. § 1132(e) and § 1145.

18. Defendant's actions constitute a failure of an employer to make contributions to a multi-employer plan pursuant to 29 U.S.C. § 1145.

19. Plaintiff is entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 1132(g). Plaintiff is also entitled to an order requiring production of transmittals that were not submitted.

IV.

SECOND CLAIM

(LMRA - 29 U.S.C. § 185)

20. Plaintiff incorporates by reference and realleges the paragraphs above as if set out in full.

21. <u>Jurisdiction.</u>  This is an action to enforce a CBA pursuant to the LMRA, 29 U.S.C. § 185.

22. Defendant's failure to pay fringe benefit contributions owing breached the CBA and related Agreements to the Plaintiff's detriment.  Plaintiff is entitled to damages, liquidated damages, interest, attorney's fees, and costs pursuant to the CBA and Trust Agreements.  Plaintiff is also entitled to an order requiring production of transmittals that were not submitted.

23. Plaintiff is entitled to pursue this claim as third party beneficiaries to the Trust Agreements. *See Schneider Moving & Storage Co. v. Robbins, et al.* (1984) 466 U.S. 364, and *Local 340 Apprenticeship & Training Trust v. Babcock & Wilcox Constr. Co., Inc.* (9th Cir. 2005) 396 F.3d 1056.

V.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For unpaid fringe benefit contributions in the amount of $990,213.92 in principal, plus any further amounts according to proof;

2. For liquidated damages as a result of Defendant's breach of the CBA and Trust Agreements in the amount of $168,225.24, plus further amounts according to proof;

3. For an order requiring production of transmittals that were not submitted;

4. For prejudgment interest according to proof;

5. For reasonable attorney's fees and costs of suit and any further amounts according to proof;

6. For such equitable relief as this court deems just and proper; and

7. For such other and further relief as this court deems just and proper.

Dated:  January 29, 2019                              Respectfully submitted,

/s/ Tanisha M. Shafer (Arata)
Richard K. Grosboll
Benjamin K. Lunch
Tanisha M. Shafer (Arata)
NEYHART, ANDERSON, FLYNN & GROSBOLL
Attorneys for Plaintiff

COMPLAINT
Case No. 19-cv-00516                                                                                                  5